IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. CV-09-33-E-BLW |
| Plaintiff-Respondent, ) | CR-06-59-E-BLW |
| ) | |
| v. ) | **MEMORANDUM** |
| ) | **DECISION AND ORDER** |
| ANTONIO PENA-VELASQUEZ, ) | |
| ) | |
| Defendant-Movant. ) | |

Pending before the Court is Antonio Pena-Velasquez's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Docket No. 1 in CV-09-33-E-BLW).[1]  Having reviewed the Government's Response (Docket No. 7 in civil case) and Movant's Traverse (Docket No. 8 in civil case) as well as the record in the underlying criminal case, the Court enters the following Order denying the § 2255 Motion.

## BACKGROUND

On April 25, 2006, Pena-Velasquez was charged, along with co-Defendants Martin Bustamante-Fierro, Jose Luis Pimental-Pena, and Ramiro Pimental-Pena,

---

[1] Unless otherwise noted, all further docket numbers will refer to the underlying criminal case, CR-06-59-E-BLW.

**Memorandum Decision & Order -- page 1**

with eight counts of illegal drug and immigration-related offenses, including: conspiracy to possess / distribute a controlled substance under 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A); possession with intent to distribute / distribution under 21 U.S.C. § § 841(a)(1), (b)(1)(A), and 18 U.S.C. § 2; and being a deported alien found in the United States under 8 U.S.C. § 1326(a), (b)(2).  *Superseding Indictment* (Docket No. 12).  On October 16, 2006, on the eve of trial, Pena-Velasquez entered a plea of guilty without a plea agreement as to the three counts listed above, under oath and pursuant to questioning by the Court.  *Minute Entry* (Docket No. 50).

On February 1, 2007, following an evidentiary hearing, the Court sentenced Pena-Velasquez to three hundred-sixty-five months imprisonment on counts one and two, two hundred-forty months imprisonment on count 7, terms to be served concurrently, a $1500 fine, $300 special assessment, and supervised release for a term of ten years on counts one and two, and three years on count 7, terms to be served concurrently.  On January 14, 2008, the Ninth Circuit Court of Appeals affirmed his sentence, and Pena-Velasquez thereafter timely filed the pending § 2255 motion.

### DISCUSSION

**Memorandum Decision & Order -- page 2**

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration: (1) "the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such sentence;" (3) "the sentence was in excess of the maximum authorized by law;" or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Pena-Velasquez appears to seek relief under the first and fourth grounds, arguing that his plea of guilty was involuntary or unlawfully induced due to his lack of understanding of proceedings, that he was denied the right to appeal, and that he received ineffective assistance of counsel.

1.  **Evidence in the record supports that Pena-Velasquez voluntarily, and with understanding, entered a plea of guilty to counts 1, 2, and 7 of his criminal indictment**

The Minute Entry for proceedings on change of plea (Docket No. 50), indicates that interpreter Jerry Cuevas provided interpreter services at the hearing for Pena-Velasquez. Furthermore, Pena-Velasquez's counsel speaks Spanish and communicated with him in Spanish. Per the Transcript from the Change of Plea Hearing (Docket No. 93), Pena-Velasquez was placed under oath and examined by the Court, and the Court found that he was competent to enter his plea. The Court then examined Pena-Velasquez extensively on his understanding of the

**Memorandum Decision & Order -- page 3**

proceedings and as to whether he was entering a voluntary plea of guilty to counts 1, 2 and 7 of the indictment. *Transcript* (Docket No. 93). Ultimately, the Court accepted the plea. Pena-Velasquez's attorney in the criminal matter, Steven Boyce, filed an Objection / Response to the Pre-sentence Investigation Report (Docket No. 59). Mr. Boyce also submitted a Sentencing Memorandum (Docket No. 65), arguing that the guideline range of imprisonment was excessive and asking that the Court deviate downward from the guideline calculations.

Pena-Velasquez argues that, due to his limited education (only through third grade) and inability to speak or understand English, he did not understand the legal proceedings. However, the Transcript and Court Record do not support Pena-Velasquez's arguments. The Court asked, through an interpreter, whether Pena-Velasquez was satisfied with his attorney's representation. He responded, "yes." The Court asked a series of questions to ensure Pena-Velasquez understood the proceedings, to which he answered, "yes." At one point, when the Court asked if he understood, and Pena-Velasquez answered, "That's fine," the Court followed with, "Do you understand, though?" and he answered, "yes." Shortly thereafter, the Court told Pena-Velasquez, "I am now going to explain to you the rights given to all criminal defendants. Listen carefully. If you have any questions, please speak up. I will take whatever time is necessary to ensure that you understand."

**Memorandum Decision & Order -- page 4**

The Court asked no fewer than twenty-three questions to ensure Pena-Velasquez understood his rights and the consequences of his plea. Pena-Velasquez responded, "yes," for each question. Pena-Velasquez volunteered that he was entering a plea of guilty, and admitted in his own words, actions that he committed which supported his guilty plea. *See Transcript* (Docket No. 93) at 19-20. The Court took extra time to inquire about Pena-Velsaquez's participation, and Pena-Velasquez agreed that he either possessed or assisted in possessing at least fifty grams of pure methamphetamine with intent to sell to others. *Id.* at 22.

Given the record of proceedings, there is no factual basis to support Pena-Velasquez's argument that his plea was involuntary or induced by the Court. Further, Pena-Velasquez has failed to articulate a legal basis to support that, despite the presence and participation of an interpreter and legal counsel who spoke Spanish, Pena-Velasquez's limited education rendered his guilty plea invalid.

**2.     Pena-Velasquez received the representation to which he was entitled**

Pena-Velasquez appealed the District Court's Judgment in his criminal matter, through counsel Steven Boyce. After the Ninth Circuit Court of Appeals affirmed the District Court, Pena filed a Motion in District Court for appointment of counsel to assist him in pursuing further appeals. This Motion was denied by

**Memorandum Decision & Order -- page 5**

this Court as to a request for counsel to file a 28 U.S.C. § 2255 motion, and forwarded to the Ninth Circuit as to a request for counsel to file a petition for writ of certiorari with the Supreme Court.

In Pena-Velasquez's instant Motion under § 2255, he argues that he was denied the right to appeal because the Court denied his request for counsel to help him pursue a petition for writ of certiorari with the Supreme Court. As noted in the Court's Order denying Motion for Appointment of Counsel, the right to counsel extends to the first appeal of right only. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Pena-Velasquez was represented on his direct appeal of right. He was not entitled to counsel to further challenge his conviction or sentence.

### 3. Evidence in the record does not support that Pena was denied effective assistance of counsel

The well-established two-prong test for evaluating ineffective assistance of counsel claims requires a showing of (1) deficient performance, and (2) resulting prejudice. *See Strickland v. Washington*, 466 U. S. 668 (1984). Mere conclusory allegations are insufficient to state a claim of ineffective assistance of counsel. *See Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989).

In order to establish deficient performance, a defendant must show that counsel's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Under the performance prong, there is a strong

**Memorandum Decision & Order -- page 6**

presumption that counsel's performance falls "within the wide range of reasonable professional assistance." *Id*. at 689. In evaluating the performance prong, the court should "assess counsel's overall performance throughout the case in order to determine whether the 'identified acts or omissions' overcome the presumption that a counsel rendered reasonable professional assistance." *Kimmelman v. Morrison*, 477 U.S. 365, 386 (1986).

In order to establish prejudice, a defendant must affirmatively prove by a reasonable degree of probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. The *Strickland* standard is "highly demanding." *Kimmelman*, 477 U.S. at 381-82.

Both prongs of the *Strickland* test must be met "before it can be said that a conviction (or sentence) 'resulted from a breakdown in the adversary process that render[ed] the result [of the proceeding] unreliable' and thus in violation of the Sixth Amendment." *United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir. 2005) (quoting *Strickland*, 466 U.S. at 687). Here, Pena-Velasquez has failed to establish either prong.

In his Motion, Pena-Velasquez argues that his attorney failed to file motions or research claims on his behalf, to address his assertion that he was in Mexico when the crimes for which he was charged took place. However, Pena's defense

**Memorandum Decision & Order -- page 7**

counsel from his criminal matter, Steven Boyce, attested, "At no time while I represented the Petitioner [Pena], did he make any request that I file any motions or research any claims, which I did not honor." Affidavit of Steven Boyce (Docket No. 7-2, at 5, in CV-09-33-E-BLW). Further, counsel raised the issue of Pena-Velasquez being in Mexico at the time of the crimes, in his Sentencing Memorandum (Docket No. 65), as well as at the sentencing hearing. *Transcript* (Docket No. 92) at 225-26.

    Pena-Velasquez also claims he informed his attorney that he did not understand what was said to him either in court or in jail. Boyce refutes this argument as well, indicating, "Throughout my representation of the Petitioner, I was able to communicate with the Petitioner in the Spanish language, which I speak. Additionally, the Petitioner had court appointed interpreters present and interpreting at all proceedings wherein I represented him." *Id.*

    In his Traverse, Pena-Velasquez argued that counsel failed to object to the Pre-Sentence Report or request a downward departure as a minor participant. Contrary to such argument, counsel filed an Objection to Pre-Sentence Report (Docket No. 59), and orally requested a downward departure for his client as a minor participant. *Transcript* (Docket No. 92) at 225-26. Pena-Velasquez also argues that counsel did not move to dismiss counts one and two on the grounds that

**Memorandum Decision & Order -- page 8**

he did not possess the drugs.  However, Pena-Velasquez cannot show prejudice because the Court found at the sentencing hearing that Pena-Velasquez was clearly more involved than he admitted.  *Transcript* (Docket No. 91) at 2-4.

The record of proceedings and attachments to the United States' Response, including the Affidavit of Steven Boyce, demonstrate Pena-Velasquez has failed to show either deficient performance or prejudice on either of his asserted grounds for ineffective assistance of counsel.  In assessing counsel's overall performance in this matter, the Court is confident that Pena-Velasquez received the effective assistance of counsel necessary to maintain the integrity of the adversarial process as required by *Strickland*.

## CONCLUSION

Pena-Velasquez has failed to meet his burden of demonstrating valid grounds for the Court to grant his Motion under § 2255.  Accordingly, Pena-Velasquez's § 2255 Motion shall be denied.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Antonio Pena-Velasquez's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 (Docket No. 1 in CV-09-33-E-

**Memorandum Decision & Order -- page 9**

BLW) is DENIED.

IT IS FURTHER HEREBY ORDERED that Case No. CV-09-33-E-BLW is DISMISSED with prejudice.



DATED:  **October 6, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order -- page 10**